***E-FILED - 10/5/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL TRIPPE, | ) | No. C 10-3409 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; DIRECTING |
| v. | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| W. KEEVIL, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil complaint in state court. On August 3, 2010, defendants noticed removal to federal court as the complaint alleged both federal and state claims. The filing fee has been paid. For the reasons stated below, the court dismisses some defendants and serves cognizable claims.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. See West v.
5 Atkins, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7     In December 2008, plaintiff applied for and received "Inmate Legal Assistance"
8 approval.  Inmate Clement was assigned to be his legal assistant.  However, defendants restricted
9 plaintiff from actually receiving any meaningful assistance, in violation of federal and California
10 law.  Specifically, plaintiff states that he attempted to send Clement a copy of an inmate appeal
11 of his which was granted, so that Clement could use that information in the preparation of
12 plaintiff's state habeas case.  However, defendant Keevil refused to forward the document to
13 Clement, citing "O.P. 822H.2(e)).)  Plaintiff attempted it again, and Keevil responded that he
14 was not allowed to pass documents between inmates unless they were handwritten.  Plaintiff
15 asserts that O.P. 822 violates his constitutional right to receive legal assistance.  Plaintiff further
16 alleges that in January 2009, plaintiff and Clement were at the law library where plaintiff tried to
17 ask Clement questions and both men were removed from the library for violating the "no
18 talking" policy.  As a result, plaintiff was suspended from visiting the library for 30 days.
19 Plaintiff claims that Warden F. Jacquez implemented these policies in direct contravention to his
20 constitutional rights.

21     Liberally construed, plaintiff states cognizable claim against Keevil and Jacquez of a
22 violation of his First Amendment right to access the courts.  Furthermore, the federal
23 supplemental jurisdiction statute provides that "district courts shall have supplemental
24 jurisdiction over all other claims that are so related to claims in the action within such original
25 jurisdiction that they form part of the same case or controversy under Article III of the United
26 States Constitution." 28 U.S.C. § 1367(a).  Liberally construed, plaintiff's allegations satisfy the
27 statutory requirement.  Accordingly, the court will exercise supplemental over plaintiff's state
28 law claims.

Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Trippe409dissrv.wpd     2

C.   Dismissed Defendants

Plaintiff also names as defendants D.W. Gallian, R.J. Johnson, R. Graves, D.W. Bradbury, N. Grannis, and K.J. Allen. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. However, the court is unable to ascertain what plaintiff alleges R. Graves did or did not do that violated his constitutional rights.

With regard to D.W. Gallian, R.J. Johnson, D.W. Bradbury, N. Grannis, and K.J. Allen, their roles in the events appear to be limited to their responses denying plaintiff's administrative appeals. Although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Accordingly, D.W. Gallian, R.J. Johnson, R. Graves, D.W. Bradbury, N. Grannis, and K.J. Allen are DISMISSED with leave to amend if plaintiff believes he can state cognizable claims against them in good faith.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.   Defendants D.W. Gallian, R.J. Johnson, R. Graves, D.W. Bradbury, N. Grannis, and K.J. Allen are DISMISSED with leave to amend.

2.   The clerk shall serve a copy of this order on plaintiff and defendants' counsel.

3.   No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a.   If defendants elect to file a motion to dismiss on the grounds that plaintiff

1  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
2  defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
3  F.3d 1108, 1119-20 (9th Cir. 2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

      a.    In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

|   |   |
|---|---|
| 1 | judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. |

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to defendants' counsel. See Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." See Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it to his benefit to wait until defendants have filed a dispositive motion which could include some or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information.

9.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  10/4/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge